Davis *v.* State of Indiana.

[No. 30,858. Filed December 4, 1967. Petition to withdraw
petition for rehearing filed January 22, 1968.]

*Rice & Vanstone,* of Evansville, for appellant.

*John J. Dillon,* Attorney General and *John F. Davis,*
Deputy Attorney General, for appellee.

Hunter, J.—The appellant herein is appealing from a con-
viction in the Circuit Court of Vanderburgh County, wherein
he was charged with the offense of theft of property of less
than One Hundred Dollars ($100) in value. (Penalties: Ind.
Anno. Stat. § 10-3039 Supp. 1967.)

Prosecution was commenced on the basis of an affidavit
charging appellant with the above stated crime, to-wit: know-
ingly, unlawfully and feloniously obtained control over stolen
property  knowing that said property had been stolen by per-
son or persons unknown to him; used, concealed and aban-
doned the property knowing such use, concealment and aban-
donment probably would permanently deprive the owner of
such use and benefit of said property. Ind. Anno. Stat. § 10-30-
30 (Supp. 1967). Appellant entered a plea of not guilty and
thereafter trial was had by jury. The trial resulted in the jury
returning a verdict of guilty of the offense charged, and upon
this verdict the court fined appellant Five Hundred Dollars
($500) and costs and sentenced him to one (1) year on the
Indiana State Farm.

The error assigned and relied upon by the appellant is the overruling of his motion for an new trial. Appellant expressly waives any alleged error on the basis that the verdict of the jury was contrary to law or was not sustained by sufficient evidence.

Appellant alleges four (4) additional grounds of error in his motion for new trial, however these are combined for purposes of argument. In essence he complains that irregularity in the proceedings of the jury and misconduct of the jury have tended to prevent the defendant from having a fair trial.

The record reveals that the following article concerning the appellant was printed in a local newspaper, *The Evansville Press,* on the evening of May 10, 1965 (the first day of trial):

"SUSPENDED FIREMAN TRIED IN THEFT CASE
Suspended city fireman Ray W. Davis went on trial before a Circuit Court jury today as an outgrowth of what authorities have called a stolen property ring.
The 44-year-old veteran of 14 years on the Fire Department force is being tried on the charge of possession and sale of a stolen typewriter.
He is charged in another case along with his wife, Frances, 37, with possession of property stolen from a beauty shop and in a third case he is accused with Joseph R. Farley, 37, of possession and sale of stolen barbed wire.
FARLEY, an ex-convict, was recently tried and convicted in Warrick County Circuit Court of an Evansville burglary and sentenced to six months on the Indiana State Farm.
In the case being tried today Davis is accused of selling the typewriter to another fireman. The typewriter is alleged to have been among $1600 worth of office machines stolen in a May 14 burglary of the Sun Oil Company, 506 S. Green River Road.
DAVIS WAS suspended from the Fire Department by Chief Fred Hougland immediately following his arrest. He has been free on $2000 bond.
Davis and his wife are jointly charged with possession of four hair dryers, cosmetics and other beauty supplies taken from the DeVry School of Beauty Culture and Beauty Shop, 26-28 1/2 Main, last October and selling the items to the

Wright Farm and Supply Company of Rockport.
In the case against Davis and Farley, the two men are charged with selling 40 rolls of barbed wire taken from the Tractor Supply Company, 1011 Vine. The affidavit alleges the wire was worth $347 and was sold for $240 by the two."

On the following morning, May 11, 1965, by request of appellant the jurors were separately questioned, and it was revealed that one of the jurors, Mary Bartley, had read the above article while the jury was separated. Appellant had previously moved for a mistrial but now withdrew the motion stating that the jury generally had followed the court's instructions and the one juror was an innocent party. The court then proceeded to admonish the entire jury that they were to pay no attention to any newspaper articles or any other source of information except that which comes from the witness stand; nor were such to be considered in its deliberations and judgment.

Appellant alleges that Mary Bartley related the contents of the newspaper article to the other jurors thereby influencing their verdict. Further appellant alleges that another juror remarked in the jury room that appellant's exhibit No. 1, a receipt for a hotel bill, was invalid and a forgery because it did not have an Ohio state sales tax stamp entered thereon. These allegations were supported with an affidavit of one of appellant's attorneys. The affidavit was allegedly based upon information received from a number of jurors. When the appellant filed his motion for a new trial he included the above affidavit. The State then filed a motion to strike the affidavit and the motion was sustained, on the ground that the verdict of the jury cannot be impeached upon the information communicated by jurors and supported by the affidavit of another.

Appellant cites as authority for his position *Irvin* v. *Dowd,* 366 U. S. 717 (1961). It is our opinion that *Irvin* has no bearing on the present case. In *Irvin,* the United States Supreme Court held that a state criminal defendant is denied due proc-

ess of law under the Fourteenth Amendment of the federal Constitution when one change of venue from a county did not overcome the prejudicial effect of extensive and unfavorable newspaper and television publicity causing eight members of the jury to have a preconceived opinion of the defendant's guilt. Here, we neither have a highly inflammatory news media account of the case nor any indication of preconceived opinions by the jury of appellant's guilt.

Appellant cites as additional authority *Parker* v. *Gladden,* 385 U. S. 363 (1966). In *Parker* a court bailiff assigned to the jury stated to one of the jurors in the presence of the other jurors: "Oh, that wicked fellow he is guilty" and "If there is anything wrong (in finding petitioner guilty) the Supreme Court will correct it." The court reasoned that prejudice is inherent when unauthorized statements are made by an official of the court who carries great weight with a jury. Furthermore, one juror testified that she was prejudiced by the statements. In the instant case there were no unauthorized statements of an official character nor was it shown that any juror was prejudiced by the alleged misconduct.

It is our opinion that the above allegations of misconduct are not properly before this Court. The affidavit furnishes no legal proof of the alleged misconduct, and the verdict of the jury cannot be overturned on the basis of second-hand statements constituting mere hearsay.

> "It is well settled that hearsay is not sufficient grounds for impeaching the verdict of the jury." *Peak* v. *State* (1960), 240 Ind. 334, 350, 163 N. E. 2d 584; *Hutchins* v. *State* (1898), 151 Ind. 667, 52 N. E. 403.

Without determining what would be the legal effect of the alleged misconduct of the jury, if properly established, we are of the opinion that the trial court was correct in overruling the motion for a new trial, therefore the judgment below is affirmed.

Arterburn and Lewis, JJ. concur. Jackson and Mote, JJ. concur in result.

NOTE.—Reported in 231 N. E. 2d 230.