ROBERT E. DeWEESE *v.* STATE OF INDIANA.

[No. 871S231. Filed May 30, 1972.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of robbery. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to the Indiana Youth Center for a term of not less than ten nor more than twenty-five years.

The record discloses the following:

On October 24, 1970, at about 11:45 P.M. Lloyd W. Reich was walking on the sidewalk beside the Vendome Hotel in Evansville, Indiana. An automobile stopped at the curb, a man later identified as the appellant jumped out of the back seat, stuck a gun in Mr. Reich's ribs and said, "I want some money." Mr. Reich at first told appellant that he did not have any money, but as appellant became more threatening. Mr. Reich gave him $15. Appellant continued to threaten Mr. Reich insisting that he give him more money. Appellant then pulled the trigger on the gun, but it was either not loaded or a shell misfired. Mr. Reich then grabbed the gun, but appellant was successful in pulling it from his grasp. Appellant then struck Mr. Reich on the side of the head with the gun. Appellant then returned to the car, which was driven away.

A report was made to police officers leading eventually to the arrest of the appellant. The record is silent as to exactly how or when the appellant was actually taken into custody. However, we know from the record that appellant was in custody on October 30, 1970, at which time he was identified in a police lineup in the city of Evansville by Mr. Reich. As a result of this identification the charge of robbery against the appellant was filed on the 4th day of November, 1970, and on the same day there was a finding of probable cause and a warrant for arrest issued by the Justice of the Peace of Pidgeon Township, Vanderburgh County.

Appellant first claims the trial court erred in failing to swear the bailiff before the jury was placed in his charge for their deliberation. Appellant makes no claim that such failure to swear the bailiff resulted in any prejudice to him. Merely because the court did not swear the bailiff

we cannot presume the bailiff engaged in any misconduct without specific allegations of such. Burns' Ind. Stat., 1956 Repl., § 9-2320 reads as follows:

> "In consideration of the questions which are presented upon appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant. [Acts 1905, ch. 169, § 334, p. 584.]"

We hold the above statute to be applicable in this situation where appellant has failed to demonstrate any prejudice to his substantial rights. We might further point out appellant was in the court and represented by counsel at the time the jury retired in the custody of the bailiff. He could have at that time insisted that the bailiff be sworn as required by statute. We will not permit him to sit idly by and then raise such a technicality as ground for reversal on appeal.

Appellant next claims he was deprived of his constitutional rights in that after the jury retired for deliberation the bailiff conducted the jury on a visit to the Vanderburgh County jail. Appellant contends this irregularity was prejudicial to him in view of argument by his counsel to the jury at the close of the trial. He called the jury's attention to the bad effects of incarceration in prison and discussed the conditions in Indiana prisons. He urges that for the jury then to be conducted on a tour of the Vanderburgh County jail, which is a new facility less than two years old, was in effect in rebuttal of counsel's argument. The information concerning the alleged tour of the Vanderburgh County jail by the jury first came to the attention of the trial court in appellant's motion to correct errors, together with an affidavit by the appellant; however, the affidavit does not disclose by what means the defendant acquired his information. The appellee points out that if the appellant acquired his information from the bailiff, he should have supplied the affidavit of the bailiff, or if it was

acquired from some person other than the bailiff or a member of the jury that person's affidavit should have been obtained.

Appellee further points out that it would have been improper for a member of the jury to have given such information for this Court has previously stated that affidavits by jurors will not be received for the purpose of impeaching their verdict. *Krivanek* v. *State* (1969), 252 Ind. 277, 247 N. E. 2d 505, 17 Ind. Dec. 489.

The content of appellant's affidavit in this case does not demonstrate other than hearsay evidence and as such furnishes no legal proof of the alleged misconduct. *Hutchins* v. *State* (1898), 151 Ind. 667, 52 N. E. 403. We would not be justified in overturning the verdict of the jury on such an affidavit alone. *Davis* v. *State* (1967), 249 Ind. 426, 231 N. E. 2d 230, 12 Ind. Dec. 152.

Appellant next argues the verdict was not supported by sufficient evidence in that there is no evidence that appellant put Lloyd W. Reich in fear. In view of the facts above recited as shown by the record, this argument is almost ludicrous. The question of whether or not Mr. Reich was placed in fear was a question for the jury. It seems almost too obvious for comment to state that the jury was justified in believing that Mr. Reich had been put in fear. It would certainly be a most unusual and most unreasonable man who would not be placed in fear if, while walking down a public sidewalk, he was suddenly confronted by a man with a gun, who pushed the gun into his side, demanded his money, then after receiving $15 continued to demand more money and, in fact, pulled the trigger on the gun which did not fire, and in the ensuing struggle for the gun was struck in the face by his assailant. These facts warrant the jury's finding of fear on the part of Mr. Reich. *MacTate* v. *State* (1971), 256 Ind. 55, 267 N. E. 2d 76, 24 Ind. Dec. 624; *Koby* v. *State* (1935), 209 Ind. 91, 198 N. E. 88.

Appellant next claims the trial court erred in overruling his motion to dismiss. In his motion to dismiss appellant took the position that the arrest warrant was issued without a showing of probable cause in violation of Article 1, § 11 of the Constitution of Indiana, citing *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500, 16 Ind. Dec. 250. As above recited appellant was already in custody by previous arrest, the nature of which is not disclosed by this record, at the time the charging affidavit in the case at bar was filed and the arrest warrant issued. This Court has previously stated that where a person is already under arrest at the time an arrest warrant is issued the law set forth in the *Kinnaird* decision does not govern. See *James et al.* v. *State* (1972), 258 Ind. 392. See also *State ex rel. French* v. *Hendricks Superior Court* (1969), 252 Ind. 213, 247 N. E. 2d 519, 17 Ind. Dec. 554; *Rector* v. *State* (1971), 256 Ind. 634, 271 N. E. 2d 452, 26 Ind. Dec. 335. As was pointed out in *Rector, supra,* even if we would assume the arrest of the appellant was illegal, such fact would in no way affect the judgment of conviction. The only effect of an illegal arrest is that evidence obtained thereby may be suppressed. The jurisdiction of the court over a person is not terminated by an illegal arrest. *Rector* v. *State, supra.*

Appellant next claims the trial court erred in overruling his special plea to the effect that the statute under which the state prosecuted the appellant was in fact repealed by the 1971 Indiana General Assembly at the time it adopted the Indiana Code of 1971. This Court has previously held that the Indiana Code of 1971 was merely a compilation of the existing law of the State of Indiana; that the existing law as recognized in Title 1, Article 1, Chapter 1, § 6 of the Code of 1971 is preserved. *State ex rel. Pearcy* v. *Criminal Court of Marion County, Division 1* (1971), 257 Ind. 178, 274 N. E. 2d 519, 27 Ind. Dec. 417. The trial court did not err in overruling appellant's special plea. The state proceeded properly

in prosecuting the appellant under the robbery statute as set out in Burns' Ind. Stat., 1956 Repl., § 10-4101.

Appellant next claims the trial court erred in overruling his objection to the testimony of Mr. Reich to the question, "What if anything, did you think would happen if you didn't give him that $15?" Appellant objected on the ground, first that the witness had already answered the question, and secondly as to what the witness thought had absolutely nothing to do with the question. With this we cannot agree. The question propounded by the prosecutor was proper in view of the fact that Mr. Reich was the victim of the alleged robbery and the jury was entitled to hear evidence as to his mental reaction to the robbery in order to properly make its determination as to whether or not Mr. Reich had been put in fear. The answer of the witness to the above question was, "Well, I knew what would happen. He said that he was going to pull the trigger on the gun." Mr. Reich's state of mind, i.e., whether or not he was in fear, was a fact to be proved. The testimony was admissible for that purpose. *29 Am. Jur. 2d, Evidence § 355.* We hold the trial court did not err in permitting the witness to answer the question.

Appellant next claims the trial court erred in overruling his objection to questions propounded to State's Witness Kenneth Edward Elliott. At the time Mr. Elliott was called to the witness stand appellant objected to his testifying on the ground that he had violated the court's order of separation of witnesses. At the time the objection was made the trial court interrogated Mr. Elliott as to the nature of his conversation with other witnesses in the case. Mr. Elliott specifically stated that they did not discuss the case; that their only conversation concerned the bus service in Evansville. We, therefore, hold the trial court acted within his sound discretion in permitting Mr. Elliott to testify. *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N. E. 2d 923, 20 Ind. Dec. 433.

Appellant next claims the trial court erred in refusing to give appellant's tendered Instruction No. 9, which instruction reads as follows:

"The defendant is not to be held responsible for the specific intent required in the affidavit, if he was too drunk for a conscious exercise of the will to the particular end, or, in other words, too drunk to, in fact, hold and entertain the necessary intent."

A search of this record fails to disclose any evidence that the appellant was so intoxicated that he was unable to form a criminal intent. At most the evidence showed that the appellant had consumed some three or four beers prior to the alleged robbery. The evidence did disclose that he had the ability to jump from an automobile, brandish a weapon, take money from his victim, strike his victim and return unaided to the waiting automobile. We find no facts to bring this case within the proposition of law cited by the appellant in *Booher* v. *State* (1901), 156 Ind. 435, 60 N. E. 156. We, therefore, hold in the absence of such evidence the trial court did not commit error in refusing to give appellant's tendered instruction. *Payton* v. *State* (1965), 246 Ind. 401, 206 N. E. 2d 143, 5 Ind. Dec. 255.

Appellant next claims the trial court erred in denying his motion to modify the judgment. It is appellant's position that since the 1969 General Assembly amended the statute for armed robbery to provide a penalty of not less than five years nor more than thirty years that he was entitled to have his sentence modified from a ten to twenty-five to a five to twenty-five year sentence. Appellant cites in support of his contention the cases of *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, 15 Ind. Dec. 486 and *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498, 19 Ind. Dec. 363. We would first point out that in both *Hobbs* and *Dembowski* this Court was concerned with the maximum sentence provided by the statute. However, a close examination of the

reasoning in those cases applied to the contentions of the appellant in this case require that we give the benefit of the 1969 amendment to the statute to the appellant. This Court stated in *MacTate* v. *State, supra,* that following the 1969 amendment a ten to twenty-five year sentence for robbery was proper. However, it now becomes apparent that that holding in *MacTate* must be modified. We now hold that in view of the 1969 amendment to the armed robbery statute the proper sentence for the included crime of robbery is an indeterminate sentence of not less than five nor more than twenty-five years.

This cause is remanded to the trial court for a correction of appellant's sentence to a term of not less than five nor more than twenty-five years.

The trial court is in all other things affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 828.