HERBERT HOWARD JETT *v.* STATE OF INDIANA.

[No. 2-573A118. Filed October 31, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

WHITE, J.—This is an appeal from the partial denial of a Petition for Post-Conviction Relief.

On March 11, 1965, appellant was convicted on his guilty plea of the offense of Robbery by Putting in Fear, and on March 25, 1965, was sentenced "to the Indiana State Prison for a period of not less than ten (10) nor more than twenty-five (25) years and costs."

On June 9, 1971, appellant filed in the trial court his "Post Conviction Relief Remedy Number One", followed the subsequent day, June 10, 1971, by his "Amended Post Conviction Relief Remedy Number One."

Said petitions attacked the constitutionality of the indeterminate sentence of 10 to 25 years on the basis that Robbery through Putting in Fear is a lesser included offense of the offense of Armed Robbery, which offense at the time of appellant's crime was punishable by a determinate sentence of not less than ten (10) nor more than twenty (20) years. Appellant's position is that the lesser included offense should have a smaller penalty, both in maximum and minimum duration, than the greater offense.

Subsequent to hearing had on August 11, 1971, the trial court entered a *nunc pro tunc* entry, effective March 25, 1965, changing appellant's sentence to an indeterminate sentence of not less than ten (10) years nor more than twenty (20) years, and caused the issuance of a corrected commitment. The trial court entered its written findings of fact and conclusions of law on February 1, 1974.

Appellant petitioned for Permission to File a Belated Motion to Correct Errors on December 14, 1972, and such permission having been granted, appellant filed his Motion to Correct Errors on February 13, 1973, said Motion being overruled on the same day.

The sole question presented to this court by appellant's appeal is whether his sentence should have been changed to a determinate sentence of ten (10) years.

That the imposition of a sentence for the lesser included crime of Robbery that in its maximum term (nor more than

twenty-five years) exceeded the maximum sentence that could have been imposed for the greater crime of Armed Robbery (nor more than twenty years) was in violation of the Eighth Amendment to the United States Constitution and of Article 1, Section 16, of the Indiana Constitution,[1] is indisputable. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815. The trial court, by its *nunc pro tunc* entry, corrected that infirmity in appellant's sentence.

Appellant's contention, however, is that his sentence is still constitutionally invalid in that it is theoretically possible for a person convicted of Armed Robbery to receive a determinate sentence of ten (10) years, and then, through the earning of "good time"[2], be fully released and discharged from custody after serving six years and eight months of that sentence, whereas the best appellant can anticipate is being released on parole after serving no less than the same six years and eight months of his indeterminate sentence. Release on parole, appellant notes, does have rehabilitative value and can be meritorious, but it is nonetheless a restriction upon one's freedom. Thus, appellant argues, the minimum sentence for Robbery, the included offense, is greater than the minimum sentence for Armed Robbery, the greater offense. (The relief sought by appellant, a determinate sentence of 10 years, would indicate that appellant's position is really that the maximum sentence for an included offense cannot exceed the minimum sentence for the greater offense. However, in view of the decision reached herein that question need not be considered.)

---

1. The Eighth Amendment to the United States Constitution provides:
   "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
   Article 1, Section 16, of the Indiana Constitution provides in pertinent part:
   ". . . All penalties shall be proportionate to the nature of the offense."
2. The accrual of "good time" under a determinate sentence is provided and regulated by IC 1971, 11-7-6-1, Ind. Ann. Stat. § 13-116 (Burns 1956 Repl.); for indeterminate sentences the appropriate statute is IC 1971, 11-7-7-1, Ind. Ann. Stat. § 13-119a (Burns 1956 Repl.).

Appellant's argument has already been presented to the Indiana Supreme Court, and rejected by that Court, in *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812, and has similarly been presented to and rejected by this court in *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786. Indeed, the very comparison of minimum sentences urged by appellant herein was argued by the appellant in *McVea*. (*Dotson* concentrated more on the maximum sentence for Armed Robbery, 12½ years if credited with all good time, as contrasted to the minimum sentence for Robbery, 6 years and 8 months imprisonment followed by supervised parole for an indeterminate time to a maximum of 20 years.)

In both cases the argument advanced by appellant herein was rejected as based upon speculation. Both cases cited *Boyd* v. *State* (1971), 257 Ind. 443, 275 N.E.2d 797, for the principle "that the maximum severity of the penalty for a given crime is the measure we use in determining whether the penalty in one crime is greater than that in another," and went on "to conclude that speculative assumption of variances in good time release from imprisonment for determinate and indeterminate sentences, does not violate Article 1, § 16 of the Indiana Constitution." (Both quotes from *McVea, supra,* 293 N.E.2d at 787.)

Appellant in his brief acknowledges the existence of *Dotson* (though not of *McVea*), but questions the continued application of that decision to the question of minimum sentences. Appellant contends that the case of *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N.E.2d 828, which held that the 1969 amendment of the Armed Robbery Statute (Acts of 1969, ch. 206, § 1) changing the minimum determinate sentence to not less than five (5) years required the minimum indeterminate sentence for Robbery to be not less than five (5) years, indicates that the minimum sentence of a lesser included crime cannot exceed the minimum sentence of the greater crime.

Reliance on *DeWeese* in this instance is misplaced for two reasons:

1. *DeWeese* was in fact handed down by the Indiana Supreme Court on May 30, 1972, three days prior to that Court's issuance of its decision in *Dotson* on June 2, 1972;

2. The situation in *DeWeese,* unlike the instant situation or that in *Dotson* or *McVea,* was not based on speculation concerning the behavior of the defendant subsequent to sentencing. A person receiving a determinate sentence of five years for Armed Robbery would be released prior to a person receiving an indeterminate sentence of not less than ten years for Robbery regardless of the amount of good time each might or might not accrue. Appellant's brief itself admits that *DeWeese* is addressed to a situation where the statutory minimum term for Robbery, on its face, exceeded the statutory minimum term for Armed Robbery.

The *nunc pro tunc* entry of a judgment and commitment sentencing appellant to an indeterminate period of not less than ten (10) nor more than twenty (20) years was the proper relief to be granted appellant on his petition, *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498, and was the only relief proper.

Judgment Affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 317 N.E.2d 882.