JAMES G. DOTSON *v.* STATE OF INDIANA.

[No. 871S223. Filed June 2, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender, *Paul J. Baldoni,* Deputy Public Defender, of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, C. J.—This case is presented to us as an appeal from a denial of a Petition for Post-Conviction Relief filed in the St. Joseph County Superior Court.

Appellant has raised but one issue for our consideration, that being whether appellant's indeterminate sentence of not less than ten (10) nor more than twenty-five (25) years for the crime of Robbery by Putting in Fear, received on December 23, 1960, should be corrected nunc pro tunc to an indeter-

minate term of not less than ten (10) nor more than twenty (20) years or to a determinate term of ten (10) years.

On January 13, 1960, appellant was charged by affidavit with two counts; count one, Robbery by Putting in Fear, and count two, Automobile Banditry. Upon arraignment appellant entered a plea of not guilty on both counts. On December 23, 1960, the defendant in person and by counsel withdrew his plea of not guilty to count one, Robbery by Putting in Fear and entered a plea of guilty to that charge. The State then dismissed the Automobile Banditry charge. Appellant was sentenced to the Indiana State Reformatory for a term of not less than ten (10) nor more than twenty-five (25) years. This sentence was suspended by the court and the appellant was placed on probation for a period of five years. The following is a verbatim statement of the judgment:

> "It is therefore, considered, ordered and adjudged by the court that the defendant, James Garfield Dotson, be and he hereby is declared guilty of the crime of Robbery by Putting in Fear, and that he be and hereby is sentenced to the custody of the Superintendent of the Indiana State Reformatory for a period of not less than ten or more than twenty-five years, and that he be and hereby is fined in the cost of the action herein laid out and expended, taxed at $_____."
> "It is further considered, ordered and adjudged by the court that the above and foregoing prison sentence be and the same hereby is suspended, and that the defendant be and he hereby is placed on probation for a period of five years.
> "It is further ordered by the court that the defendant be and he hereby is remanded to the custody of the sheriff until the costs and expense the County has had in returning the defendant to this jurisdiction are paid in full.
> "It is further considered, ordered and adjudged by the court that the sureties on the defendant's bond be and they hereby are released and discharged."

On November 29, 1966, the court entered an order revoking appellant's suspended sentence since appellant had committed a violation of the rules of probation and ordered appellant to serve his sentence of ten to twenty-five years in the Indiana

State Reformatory. On December 1, 1970, appellant filed a petition for Post-Conviction Relief alleging, inter alia, that his sentence of not less than ten nor more than twenty-five years was unconstitutional, in that it is violative of Article I, § 16 of the Indiana Constitution and the Eighth Amendment of the United States Constitution. The court granted appellant's petition and entered the following "Conclusions of Law" and ordered a change in sentence as follows:

### "CONCLUSIONS OF LAW"

"1. The Indiana Supreme Court has held that a sentence of not less than ten (10) nor more than twenty-five (25) years for the crime of Robbery is unconstitutional and should be corrected to a term of not less than ten (10) nor more than twenty (20) years.

"*Woods* v. *State* (1970), 255 Ind. 490, 265 N. E. 2d 245.
"*Sargeant* v. *State* (1970), 255 Ind. 252, 263 N. E. 2d 525.
"*McDougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674.
"*Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498.
"*Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815.

"IT IS, THEREFORE, ORDERED AND DECREED that defendant-movant's sentence of not less than ten (10), nore (sic) more than twenty-five (25) years for Robbery is corrected nunc pro tunc to a term of not less than ten (10) nor more than twenty (20) years."

A Motion to Correct Errors was filed and overruled and on September 9, 1971, the court approved counsel's agreed statement of the proceedings pursuant to A.P. 7.2 (C).

Appellant contends that the reduction in his sentence should have resulted in a determinate sentence of ten years flat because he argues, the statutes of Indiana have provided that "good time" diminution of sentence requires that one serving a determinate sentence will receive a discharge while a person serving the same amount of time but on an indeterminate sentence will only be eligible for parole.

In support of his allegations appellant first quotes from the Indiana Constitution, Article I, § 16, which provides that:

"* * * Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. *All penalties shall be proportioned to the nature of the offense."* (emphasis added)

He next quotes from similar cases in support of the proposition that the punishment for a lesser included offense can not be greater than the punishment imposed for the greater offense. In appellant's particular case the penalty imposed for Robbery by Putting in Fear (indeterminate 10-25 years), may not be greater than the penalty imposed for Armed Robbery (determinate 10-20 years). It was in recognition of this principle that the lower court ordered the reduction of appellant's sentence from indeterminate ten to twenty-five years to indeterminate ten to twenty years. See *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815.

Appellant now arrives at the substance of his argument, that being that his modified indeterminate sentence of not less than ten nor more than twenty years, is per se greater than the maximum determinate penalty of twenty years for Armed Robbery, as provided in *Acts* of 1929, ch. 55, § 1, as found in *Burns' Ind. Stat. Ann.* (1956 Repl.) § 10-4709. He states that the Supreme Court in past cases dealing with the differences between determinate and indeterminate have based their holdings on an unfounded legal assumption, to wit: that both a determinate and an indeterminate sentence permit parole, while in fact they do not. *Acts* of 1955, ch. 160, § 1, as found in *Burns' Ind. Stat. Ann.* (1956 Repl.), § 13-119a, provides:

". . . Every inmate who is now or hereafter may be confined in the Indiana State Prison, the Indiana Reformatory, or the Indiana Women's Prison for an *indeterminate term* of imprisonment, and who, while an inmate in such institution, shall have no infraction of the rules and regulations of the institution, nor infractions of the laws of the state of Indiana or laws of the United States recorded against him or her, and who performs in a faithful manner the duties assigned to him or her while an inmate, *shall be entitled to the same rate of good time diminution of time*

*time served prior to parole eligibility* as already provided by law for diminution of sentence for inmates serving determinate sentences in the Indiana State Prison, the Indiana Reformatory, and the Indiana Women's Prison. In the case of an indeterminate sentence inmate, said *reduction shall be computed upon the minimum term of such sentence only.*

"For purpose of parole eligibility the minimum term of sentence shall be construed as the minimum term imposed by the court, less any good time diminution granted under terms of this act: Provided, however, That no inmate shall be paroled on his minimum term until he or she has served at least one [1] year." (emphasis added)

*Acts* of 1933, ch. 164, § 1, as amended, as found in *Burns'* (1956 Repl.), § 13-116 requires:

". . . Every inmate who is now or hereafter may be confined in the Indiana State Prison, Indiana Reformatory, or Indiana Women's Prison, for a *determinate term of imprisonment,* and who while an inmate in such institution, shall have no infractions of the rules and regulations of the institution, nor infractions of the laws of the state of Indiana or laws of the United States recorded against him or her, and who performs in a faithful manner the duties assigned to him or her while an inmate, *shall be entitled to a diminution of time from his or her sentence as indicated in the following table* for the respective years of his or her sentence including time being served for unpaid fine or costs, and pro rata for any part of a year when the sentence is for more or less than a year.
. . . .
"Any inmate who shall have been sentenced to a determinate term of imprisonment for a longer period of time than twenty-one [21] years, shall be entitled to a diminution of five [5] months per year from his or her sentence for each individual year which such inmate is confined beyond such period of twenty-one [21] years." (emphasis added)

A reading of these two statutes reveals that one who is serving an indeterminate sentence may have a good time diminution of his minimum sentence in order to make him eligible *for parole* while one serving a determinate sentence is entitled to a good time diminution *off of his sentence leading to a discharge.* By way of example, if a prisoner were given

a determinate sentence of 20 years he would be *discharged,* taking into account his good time diminution, after 12 years and 6 months; but a prisoner serving an indeterminate sentence of ten to twenty years with good time diminution would only be eligible for parole after six years and eight months and thereafter be under parole up to a possible 20 years.

We must start in a consideration of this question with the proposition that the maximum severity of the penalty for a given crime is the measure we use in determining whether the penalty in one crime is greater than that in another. *Boyd* v. *State* (1971), 257 Ind. 546, 275 N. E. 2d 797.

The appellant claims that he would be no worse off if he had been given a 20 year determinate sentence such as exists for Armed Robbery rather than the indeterminate sentence of 10 to 20 years for Robbery by Putting in Fear. Of course, he is assuming his conduct would be good and that there would be no violation of the conditions under which one gains good time. We cannot make such assumptions that such conditions would exist in this opinion.

It is true that if he behaves himself well and conforms to all the conditions for good time he would be discharged at the end of 12 years, 6 months. It is also true that under the present indeterminate sentence of 10 to 20 years, if he conducts himself well and conforms to all the rules for good time, he will be eligible for parole at the end of 6 years, 8 months. It is likewise true that he could be discharged at the end of that time or shortly thereafter, if he continues to behave himself well and conforms to the terms and conditions necessary to eliminate parole. IC 1971, 11-7-1-7, *Burns' Ind. Stat. Ann.* § 13-252 (1956 Repl.) provides:

> "Parole—Absolute discharge of prisoner.—If it shall appear to said board of commissioners [board of parole] that there is reasonable probability that any prisoner so on parole will live and remain at liberty without violating the law, and that his absolute discharge from imprisonment is not incompatible with the welfare of society, then said board of commissioners [board of parole] shall issue to said pris-

oner an absolute discharge from imprisonment upon such sentence, and which shall be effective therefor."

However, it does not necessarily follow that this appellant will serve a longer time under his present indeterminate sentence of 10 to 20 years than that he would serve under the maximum determinate sentence of 20 years, considering he behaves himself well in both cases and conforms to the rules necessary for good time diminution and parole.

We are unable to find merit in the appellant's contention. The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported in 282 N. E. 2d 812.