EDGAR MCVEA *v.* STATE OF INDIANA.

[No. 472A202.   Filed March 14, 1973.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Petitioner-appellant Edgar McVea (Mc-Vea) appeals from denial of his Petition For Post-Conviction Relief in which he sought to modify his indeterminate sentence of from ten to twenty years for the crime of Robbery to a determinate sentence of ten years.

We affirm.

## FACTS

McVea was charged by Affidavit on April 20, 1967, with the crime of Robbery of a Kroger supermarket in the City of Indianapolis. The case was tried before a jury in the Marion Criminal Court, Division One, and McVea was found guilty as charged on December 19, 1967. On December 28, 1967, the court sentenced McVea to an indeterminate sentence of from ten to twenty-five years in the Indiana State Prison.

On June 2, 1971, McVea filed a Petition for Relief under Post-Conviction Rule 1. After a hearing on August 11, 1971, the trial court ordered the sentence modified to ten to twenty years, rather than ten to twenty-five years, in accordance with the Supreme Court holding in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815. From that ruling defendant-appellant McVea appeals.

## ISSUE

McVea presents us with only one issue:

Should the trial court have reduced McVea's sentence to a determinate term of ten years?

McVea argues that the ten to twenty year sentence which he received for Robbery is not "proportioned to the nature of the offense," as required by the Indiana Constitution, Art. 1, § 16, and the recent lien of "Robbery/Armed Robbery" cases descending from *Dembowski, supra.*

The State replies that:

(1) the maximum severity of the penalty is the measure to be used in determining whether the penalty for one crime is greater than the penalty for another;

(2) the qualitative difference between a determinate and an indeterminate sentence is not sufficient to allow relief under the Indiana Constitution, Article 1, § 16 proviison;

(3) the entire argument presented by the appellant is hypothetical and speculative.

## DECISION

CONCLUSION—It is our opinion that the trial court's amended indeterminate sentence of not less than ten nor more than twenty years imprisonment was proportioned to the nature of the offense.

McVea formulates a hypothetical situation in which one inmate receives the minimum determinate sentence for Armed Robbery of ten years, and another inmate receives a ten to twenty year indeterminate sentence for Robbery. Assuming both are model prisoners, after the passage of six years and eight months, the recipient of the determinate sentence for the greater offense will be *discharged* (Burns Ind. Ann. Stat., 1956 Repl., § 13-116, IC 1971, 11-7-6-1), while the prisoner serving the indeterminate sentence for a lesser offense would only be eligible for *parole* at that time. (Burns Ind. Ann. Stat., 1956 Repl., § 13-119 (a), IC 1971, 11-7-7-1). It is this qualitative difference in the sentences after "good-time" reduction which McVea assigns as the disproportionality which violates the Indiana Constitution, Article 1, § 16. *Parole* from the lesser Robbery sentence is disproportional, he says, to *discharge* from the sentence for the greater crime of Armed Robbery.

As thus posed, the question is almost identical to the issue decided in *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d

812, in which the Supreme Court used a similar hypothetical in its analysis of the determinate-indeterminate dichotomy to conclude that speculative assumption of variances in good time release from imprisonment for determinate and indeterminate sentences, does not violate Article 1, § 16 of the Indiana Constitution.

The court said: "We cannot make such assumptions that such conditions exist in this opinion." *Dotson* v. *State, supra.*

Not only did the Supreme Court reject the hypothetical urged upon us by McVea because of its gossamer like quality, it also pointed to its earlier holding in *Boyd* v. *State* (1971), 257 Ind. 546, 275 N.E.2d 797, saying:

> "We must start in a consideration of this question with the proposition that the maximum severity of the penalty for a given crime is the measure we use in determining whether the penalty in one crime is greater than that in another." *Dotson* v. *State, supra* at p. 815.

The distinction that is vital in comparing sentences is between duration of imprisonment and duration of the sentence. *Boyd* v. *State, supra* pointed up the distinction: "Thus, we are clearly concerned only with the *duration of the sentence and not with the term of imprisonment* that may be served thereunder, this being determined by subsequent events." (Emphasis supplied.)

So, in a constitutional sense the measure in determining whether the penalty for one crime is greater than another is the maximum duration of the penalty, not the possible duration of imprisonment.

The judgment denying post-conviction relief is therefore affirmed.

Sullivan and White, JJ., concur.