JOYCE CLARDY *v*. STATE OF INDIANA.

[No. 2-872A48. Filed April 23, 1973. Rehearing denied May 15, 1973.
Transfer denied July 17, 1973.]

*David F. McNamar, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, J.—Defendant-appellant Joyce Clardy (Clardy) was charged with the crime of assault and battery with intent to kill and was tried and convicted by the Criminal Court of Marion County, Division No. 2, without intervention of a jury. On April 17, 1972 she was sentenced to the Indiana Women's Prison for not less than two (2) nor more than fourteen (14) years. Such sentence reads in part as follows:

"State of Indiana appears by Helbert and Bruenig, Deputy Prosecutors; Defendant Clardy appears in person and by counsel Manuel Belle and the Court having examined the Pre-Commitment Investigation Report heretofore filed by the Probation Department, now asks Defendant if she has any legal cause or reason why judgment should not now be pronounced and sentence imposed on the finding of Guilty

heretofore entered of as charged and the defendant having none, Court now sentences Defendant Clardy, Age 37, to the Indiana Womens Prison for not less than Two (2) nor more than Fourteen (14) years."

Clardy subsequently filed her Motion to Correct Errors in two specifications as follows:

"1.  The Judgment is not sustained by sufficient evidence.
2.  The Judgment is contrary to Law."

The Motion was accompanied by a memorandum limiting the two specifications as follows:

"MEMORANDUM

The record is totally devoid of any evidence of guilt of the defendant for the reason that she was in a place where she had a right to be, to-wit her home. That the Prosecuting Witness attacked her and was threatening her life when she shot the Prosecuting Witness.

The Judgment of the Court is contrary to law for the above reason."

In her brief, Clardy attempts additionally to argue that the court erred in failing, at the time of sentencing, to require an examination of her to determine whether by reason of alcoholism she had sufficient mental capacity to form the mens rea necessary to the crime charged and whether she was competent to be sentenced. Quite clearly, such argument is unavailing for it was not preserved by the Motion to Correct Error.[1] *Harris* v. *State* (1972), 154 Ind. App. 129, 289 N.E.2d 344.

The only issue thus presented is:

Did the trial court err in concluding that the act she committed was a criminal offense rather than justified in self-defense?

The following facts in evidence are those in support of the conviction:

On May 12, 1971 David Clardy, the husband of the ap-

---

1. Counsel upon appeal did not represent Clardy at trial and did not prepare the Motion to Correct Error.

pellant, returned home after 8:00 in the morning and found his wife in the kitchen. She admitted to him that she had been drinking. Mr. Clardy and the appellant began to play cards. After a couple of hours she seemed as though she had become sober. Mr. Clardy gave the keys to the car to his wife so that she could go to the grocery and after a discussion with some of his children, he went to the bedroom and began watching television. Later, he looked up to see the appellant enter the bedroom holding a gun which had been in the trunk of his car. Following a brief verbal exchange, she shot him twice before he grabbed her hand holding the gun.

In view of the evidence, the validity of defendant's plea of self-defense was an ultimate question of fact solely for the trial court's determination. *Stock* v. *State* (1969), 252 Ind. 67, 69, 245 N.E.2d 335. Consequently, we cannot say that the court erred in its determination.

The judgment is affirmed.

Buchanan, P.J., and White, J. concur.

NOTE.—Reported at 294 N.E.2d 807.