## LEVI BARBEE v. STATE OF INDIANA.

[No. 472A163. Filed June 19, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves, III*, Deputy Attorney General, for appellee.

SHARP, J.—The Appellant, Levi Barbee, was charged by way of indictment with the crime of robbery as defined in IC 1971

35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956 Repl.). The case was tried before the trial court without the intervention of a jury and the Appellant was found guilty on May 3, 1968 and was sentenced to the Indiana State Reformatory for a term of 10 to 25 years. On July 27, 1971 the Appellant filed a petition for post-conviction relief which was heard on October 20, 1971 and said petition was sustained to the extent that the trial court entered a nunc pro tunc entry modifying the Appellant's sentence to a term of 10 to 20 years. With that exception, the other relief prayed for in the petition for a post-conviction relief was denied.

The only issue properly preserved and presented on this appeal is the propriety of the sentence of 10 to 20 years. The facts regarding the commission of the crime of robbery are not in issue in this appeal.

The Appellant here asserts that the modified sentence of 10 to 20 years for robbery is violative of the constitutional guarantees against cruel and unusual punishment and further contends that the only proper sentence for robbery is a 10 year determinate term. The basic rationale of the Appellant's argument is that a sentence of 10 to 20 years, indeterminate, is greater than a sentence of 10 to 20 years, determinate, because there is a *possibility* that one serving under the determinate sentence *could* be released at an earlier date than one serving under the indeterminate sentence. Since robbery, which carries the indeterminate sentence, has been held a lesser included offense under armed robbery, which carries the determinate sentence, the Appellant believes the robbery sentence is disproportionate to the crime.

The Appellant's argument must fail in light of the numerous cases that have been decided previously and which support the proposition that the proper sentence for robbery may be an indeterminate term of 10 to 20 years. Further, it must be noted that the Appellant's entire argument is based on the *possibility* that one convicted of a greater offense might be required to serve a lesser term of imprisonment than one

convicted of a lesser included offense. This matter has been previously considered by our Supreme Court and its rulings do not support the Appellant's position.

The Indiana Supreme Court first dealt with the constitutionality of the indeterminate sentence of 10 to 25 years for the crime of robbery in the case of *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815, where the court announced that the sentence was constitutionally invalid because it was greater in years on the face of the statute than the penalty for armed robbery which was a greater crime. Since *Dembowski*, our Indiana Supreme Court has repeatedly held that a term of 10 to 25 years for robbery is unconstitutional and should be corrected to a term of 10 to 20 years. See *Woods* v. *State* (1970), 255 Ind. 483, 265 N.E.2d 244; *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525; *McDougall* v. *State* (1970), 254 Ind. 62, 257 N.E.2d 674; and *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498.

Recently, in *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812, our Indiana Supreme Court rejected an argument which was virtually the same as that now propounded here by the Appellant. In *Dotson*, the defendant had been given a modified sentence of 10 to 20 years, indeterminate, for the crime of robbery by putting in fear. The defendant in that case contended that the sentence should be changed to a determinate sentence of 10 years, just as does the Appellant here. Our Supreme Court rejected Dotson's argument, which was based upon the *possibility* that he could serve more time than someone serving a term for armed robbery. The defendant in *Dotson* alleged that the prior consideration of the difference between determinate and indeterminate sentences had been resolved by the court on the assumption that both sentences permitted parole. The following language from *Dotson* at 282 N.E.2d at page 815 is relevant here:

"A reading of these two statutes reveals that one who is serving an indeterminate sentence may have a good time diminution of his minimum sentence in order to make him

eligible *for parole* while one serving a determinate sentence is entitled to a good time diminution *off of his sentence leading to a discharge.* By way of example, if a prisoner were given a determinate sentence of 20 years he would be *discharged,* taking into account his good time diminution, after 12 years and 6 months; but a prisoner serving an indeterminate sentence of ten to twenty years with good time diminution would only be eligible for parole after six years and eight months and thereafter be under parole up to a possible 20 years.

"We must start in a consideration of this question with the proposition that the maximum severity of the penalty for a given crime is the measure we use in determining whether the penalty in one crime is greater than that in another. *Boyd* v. *State* (1971), 257 Ind. 546, 275 N.E.2d 797.

"The Appellant claims that he would be no worse off if he had been given a 20 year determinate sentence such as exists for Armed Robbery rather than the indeterminate sentence of 10 to 20 years for Robbery by Putting in Fear. Of course, he is assuming his conduct would be good and that there would be no violation of the conditions under which one gains good time. We cannot make such assumptions that such conditions would exist in this opinion.

"It is true that if he behaves himself well and conforms to all the conditions for good time he would be discharged at the end of 12 years, 6 months. It is also true that under the present indeterminate sentence of 10 to 20 years, if he conducts himself well and conforms to all the rules for good time, he will be eligible for parole at the end of 6 years, 8 months. It is likewise true that he could be discharged at the end of that time or shortly thereafter, if he continues to behave himself well and conforms to the terms and conditions necessary to eliminate parole. IC 1971, 11-7-1-7, Burns Ind. Ann. Stat. § 13-252 (1956 Repl.) provides:

" 'Parole—absolute discharge of prisoner.—If it shall appear to said board of commissioners [board of parole] that there is reasonable probability that any prisoner so on parole will live and remain at liberty without violating the law, and that his absolute discharge from imprisonment is not incompatible with the welfare of society, then said board of commissioners [board of parole] shall issue to said prisoner an absolute discharge from imprisonment upon such sentence, and which shall be effective therefore.'

"However, it does not necessarily follow that this appellant will serve a longer time under his present indeterminate sentence of 10 to 20 years than that he would serve under the maximum determinate sentence of 20 years, considering he behaves himself well in both cases and conforms to the rules necessary for good time diminution and parole."

It must be noted that the only distinction between the contentions of *Dotson* and those of the Appellant here is that the Appellant here directs his attack at the possibility of different terms of imprisonment for inmates serving under the minimum rather than the maximum possible sentence for the two crimes. The Appellant contends that the Supreme Court decided *Dotson* incorrectly. The Appellant also notes that the Indiana Supreme Court in *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N.E.2d 828, recently considered the disparities in minimum sentences. In *DeWeese* the court noted that the armed robbery statute has been amended to provide a penalty of a determinate term of 5 to 30 years and ordered a robbery sentence of 10 to 25 years corrected to an indeterminate sentence of 5 to 25 years. Apparently the Appellant believes that *DeWeese* stands for the proposition that the sentence for a lesser included offense shall in no way be greater than for the greater offense. He says that such a ruling requires that there be no possibility for serving less time in prison for the greater offense under the determinate sentence than under the indeterminate sentence for the lesser offense.

Our Indiana Supreme Court has held that a court must look to the maximum severity of the penalty in determining whether the sentence for one crime is greater than that in another. See *Boyd* v. *State* (1971), 257 Ind. 546, 275 N.E.2d 797. This rule has recently been reiterated by our Supreme Court in the above quoted language in *Dotson*. It should be noted that *DeWeese* was decided prior to *Dotson* and in *Dotson* our Supreme Court upheld an indeterminate term of 10 to 20 years for robbery. In Indiana a court must look to the maximum term of imprisonment, not the minimum, in determining the existence of disproportionate sentences. The Ap-

pellant suggests that we announce a rule of law based on the mere *possibility* of a lesser term being served for a greater offense. Such proposition was disposed of by our Supreme Court in *Boyd, supra,* at 275 N.E.2d 797, 801, where our Supreme Court stated:

"The statute in question refers only to the penalty imposed upon the said felony. Thus, we are clearly concerned only with the duration of the sentence and not with the term of imprisonment that may be served thereunder, this being determined by subsequent events."

Our Indiana Supreme Court has repeatedly held that an indeterminate term of 10 to 20 years for robbery is proper and has held that the basis for determining the disproportionate sentence is an examination of the maximum, not the minimum, duration of the sentence. Additionally, our Supreme Court has plainly stated that the mere possibility that one convicted of a lesser included offense *might* serve a longer term in prison than one convicted of a greater offense is not properly a matter for the concern of the court.

Recently, the Second District of this court, when confronted with this precise issue reached precisely the same result we reach here. *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786.

We find that the Appellant has failed to present a proper basis for post-conviction relief. We find the contentions of the Appellant without merit and find that the sentence as modified on October 20, 1971 should be and hereby is affirmed.

Affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 296 N.E.2d 884.