JAMES W. HAMBLEN, JR. *v.* STATE OF INDIANA.

[No. 1-772A31. Filed July 26, 1973.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *John R. Gerbracht,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Hamblen pleaded guilty to Rape and, on April 24, 1964, was sentenced to the Indiana State Prison for an indeterminate term of two (2) to twenty-one (21) years.

On March 26, 1970, Hamblen filed a Petition for Post-Conviction Relief alleging that his sentence was unconstitutional in that it exceeded the sentence provided for the greater offense of Commission of a felony While Armed, to-wit: Rape. The petition was denied by the Monroe Circuit Court on July 22, 1971.

Hamblen timely filed his motion to Correct Errors. On March 9, 1972, following a hearing on the motion, the court filed its Amended Findings of Fact and Conclusions of Law, finding that Hamblen's sentence was unconstitutional in that the maximum term exceeded by one year the maximum term of the greater offense of Commission of a Felony While Armed. Hamblen's sentence was corrected to two (2) to twenty (20) years.

In this appeal, Hamblen argues:

1. That his corrected indeterminate sentence of 2 to 20 years violates Article 1, Section 16 of the Indiana Constitution in that its maximum term may exceed a determinate sentence of 10 to 20 years for Commission of a Felony While Armed.
2. That a court has jurisdiction to sentence pursuant to statute only, and that if a sentence is found unconstitutional, no sentence at all may be imposed.

Article 1, § 16 of the Indiana Constitution provides:

"Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. *All penalties shall be proportioned to the nature of the offense.*" (Our emphasis).

Hamblen correctly cites *Robbins* v. *State* (1968), 251 Ind. 313, 241 N.E.2d 148, in support of the conclusion that Rape is a lesser included offense of Commission of a Felony While Armed, to-wit: Rape. In that case, the jury found Robbins guilty on both counts, and Robbins' motion for arrest of judgment as to the count charging Rape was granted. The Supreme Court held that:

". . . where the identical crime is charged in two separate counts, the only difference being that in one the defendant is additionally charged with being armed with a deadly weapon, judgment should only be entered for the greater offense and not upon both counts. *Carter* v. *State* (1951), 229 Ind. 205, 96 N.E.2d 273."

Under his first assignment of error Hamblen argues that since the penalty for Rape is an indeterminate term while the penalty for Rape While Armed is a determinate one, any attempt to proportionalize the sentences is impossible due to the operation of the "good time" statutes on these sentences. See IC 1971, 11-7-7-1; Ind. Ann. Stat. § 13-119a (Burns 1956). IC 1971, 11-7-6-1; Ind. Ann. Stat. § 13-116 (Burns 1956).

Hamblen's argument is based on the *possibility* that a person serving an indeterminate 2 to 20 year sentence for

Rape may serve more time than a person serving a determinate 10 to 20 year sentence for Rape While Armed. This result is based on speculation as to the behavior of an inmate during confinement.

Such an argument was rejected by our Supreme Court in *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E. 2d 812. The court held as follows at page 815:

"We must start in a consideration of this question with the proposition that the maximum severity of the penalty for a given crime is the measure we use in determining whether the penalty in one crime is greater than that in another."

This principle was followed in *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786, wherein the court stated at page 787:

"It is this qualitative difference in the sentences after "good-time" reduction which McVea assigns as the disproportionality which violates the Indiana Constitution, Article 1, § 16. *Parole* from the lesser Robbery sentence is disproportional, he says, to *discharge* from the sentence for the greater crime of Armed Robbery.

"As thus posed, the question is almost identical to the issue decided in *Dotson* v. *State,* (1972), 258 Ind. 581, 282 N.E.2d 812, in which the Supreme Court used a similar hypothetical in its analysis of the determinate-indeterminate dichotomy to conclude that speculative assumption of variances in good time release from imprisonment for determinate and indeterminate sentences, does not violate Article 1, § 16 of the Indiana Constitution.

\* \* \*

"So, in a constitutional sense the measure in determining whether the penalty for one crime is greater than another is the maximum duration of the penalty, not the possible duration of imprisonment."

This question was most recently considered by this court in *Barbee* v. *State* (1973), 156 Ind. App. 431, 296 N.E.2d 884. Barbee's contention was substantially the same as

Hamblen's argument in the case at bar. Barbee's argument is summarized in the opinion as follows:

"The Appellant [Barbee] here asserts that the modified sentence of 10 to 20 years for robbery is violative of the constitutional guarantees against cruel and unusual punishment and further contends that the only proper sentence for robbery is a 10 year determinate term. The basic rationale of the Appellant's argument is that a sentence of 10 to 20 years, indeterminate, is greater than a sentence of 10 to 20 years, determinate, because there is a *possibility* that one serving under the determinate sentence *could* be released at an earlier date than one serving under the indeterminate sentence. Since robbery, which carries the indeterminate sentence, has been held a lesser included offense under armed robbery, which carries the determinate sentence, the Appellant believes the robbery sentence is disproportionate to the crime."

In dismissing Barbee's contention, the court quoted the following from *Boyd* v. *State* (1971), 256 Ind. 22, 275 N.E.2d 797, 801, wherein our Supreme Court held:

" 'The statute in question refers only to the penalty imposed upon the said felony. Thus, we are clearly concerned only with the duration of the sentence and not with the term of imprisonment that may be served thereunder, this being determined by subsequent events.' "

In the case at bar, Hamblen was originally sentenced for Rape to two (2) to twenty-one (21) years pursuant to Acts of 1941, ch. 148, § 3; Ind. Ann. Stat. § 10-4201 (Burns 1956). The trial court subsequently found the sentence unconstitutional in that its maximum term exceeded that of the greater offense of Commission of a Felony While Armed, to-wit: Rape, as then defined in Acts of 1929, ch. 55, § 1; Ind. Ann. Stat. § 10-4709 (Burns 1956).[1] The trial court then modified Hamblen's sentence to a term of two (2) to twenty (20) years.

---

1. This section has been subsequently amended to provide for a determinate sentence of 10 to 30 years. IC 1971, 35-12-1-1; Ind. Ann. Stat. § 10-4709 (Burns 1972 Supp.).

In light of the above authority, we hold that Hamblen's modified sentence of two (2) to twenty (20) years is not violative of Article 1, Section 16 of the Indiana Constitution.

Hamblen next maintains that the trial court had no jurisdiction to modify an unconstitutional sentence and that no sentence at all should have been imposed. This question was resolved in *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230, as follows:

"It clearly is within the sole power of the Legislature to fix the punishment for crimes, IC 1971, 1-1-1-2, being Burns' § 9-2401, and this Court has no power to alter that legislative determination. However cogent the argument, it is misplaced in this context since we have not re-written the statute or presumed to substitute a judicially determined sentence for a legislatively determined sentence. What we do say is that our courts have no jurisdiction to punish a lesser included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution. We do this not in the exercise of our discretion, but in the fulfilling of our legal duty to assert our judgment against the Legislature where the exercise of legislative power has exceeded the bounds of the Constitution. Within the bounds of that constitutional limitation, the Legislature remains free to set any penalty they wish for this crime and we intimate no opinion as to the proper penalty. Nor do we, by consitutionally limiting the maximum penalty to five years in this case, attempt to re-define the crime as written. We merely set a maximum limit on the penalty beyond which the Constitution forbids imprisonment and order the lower courts to reflect this determination in their original sentence."

The trial court therefore did not lack jurisdiction to modify Hamblen's original sentence to an indeterminate term of two (2) to twenty (20) years.

Hamblen further argues in his brief that indeterminate sentences, by their very nature, are unconstitutional. This

proposition was neither raised in his Petition for Post-Conviction Relief, nor preserved by his Motion to Correct Errors. Pursuant to Trial Rule 59(G), this argument presents no question to this court.

Finding the trial court's judgment to be correct, the same is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 299 N.E.2d 211.