CARL W. KENNEDY *v.* STATE OF INDIANA.

[No. 2-474A80.  Filed December 19, 1974.]

*Harriette Bailey Conn, [Mrs.]*, Public Defender of Indiana, *William B. Bryan*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Gary M. Crist*, Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Kennedy) appeals from a denial of post conviction relief, and challenges the constitutionality of the "Good Time" statute as it applies to indeterminate sentences. Kennedy had been found guilty of Aggravated Assault and Battery and on October 24, 1969, was sentenced to an indeterminate term of not less than one nor more than five years.

After contending that certain findings by the court were erroneous, Kennedy launches into a constitutional argument, pointing out the unfairness of the application of "good time" statutes where indeterminate sentences are concerned. He emphasizes that a person serving a five year determinate or "flat" sentence with good time off would be entitled to discharge after serving three years and nine months, while a person such as himself, serving a one to five indeterminate sentence is not eligible for discharge after three years and nine months, but may only receive parole consideration. He contends that this amounts to a violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 23 of the Indiana Constitution.

The "good time" statutes applying to determinate and indeterminate sentences are respectively: IC 1971, 11-7-6-1 (Burns Code Ed.) IC 1971, 11-7-7-1 (Burns Code Ed.)

The contrasting result produced by these two statutory enactments has been noted before. In *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812, our Supreme Court observed:

"A reading of these two statutes reveals that one who is serving an indeterminate sentence may have a good time diminution of his minimum sentence in order to make him eligible *for parole* while one serving a determinate sentence is entitled to a good time diminution *off of his sentence leading to a discharge.*"

Our examination of the record reveals that Kennedy has failed to preserve his argument for our consideration. His motion to correct errors asserts only the alleged ■ erroneous findings of the court and completely omits any reference to the unconstitutionality of the operation of the good time statutes. See, Ind. Rules of Procedure, Trial Rule 59 (B) and (G). In *Clardy* v. *State* (1973), 156 Ind. App. 121, 294 N.E.2d 807, it was held that an argument is unavailing if not preserved by the motion to correct errors. Moreover, a constitutional question not specifically presented to the trial court is not properly raised for review on appeal. *Saloom* v. *Holder* (1973), 158 Ind. App. 177, 304 N.E.2d 217; *Hamblen* v. *State* (1973), 157 Ind. App. 99, 299 N.E.2d 211.

Even had appellant preserved his constitutional question it would be of no avail. Originally the good time law was expressly limited in its application to persons serving determinate sentences. Even this distinction was held to be constitutional. *Hinkle* v. *Dowd* (1944), 223 Ind. 91, 58 N.E. 2d 342.

In *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786, the defendant claimed that there was a qualitative difference in sentences after "good time" reduction which he assigned as a disproportionality violating the Indiana Constitution, Article I, Section 16. *McVea* maintained that *parole* from a lesser sentence of robbery is disproportionate to *discharge* from the sentence for the greater crime of armed robbery. In ruling against the appellant's contention, Judge Buchanan in *McVea* concluded by saying:

"So, in a constitutional sense the measure in determining whether the penalty for one crime is greater than ■ another is the maximum duration of the penalty, not the possible duration of imprisonment."

Other authorities generally rejecting appellant's argument in analogous situations are: *Caywood* v. *State* (1974), 160 Ind. App. 346, 311 N.E.2d 845; *Davis* v. *State* (1973), 156

Ind. App. 534, 297 N.E.2d 450; *Barbee* v. *State* (1973), 156 Ind. App. 431, 296 N.E.2d 884.

Under the above authorities we conclude that the good time statutes are constitutional. Even if the trial court's findings had been erroneous, which we do no concede, no prejudice would result to Kennedy. The denial of his effort to obtain a premature discharge under his indeterminate sentence was proper.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 319 N.E.2d 883.