OLIVER LARUE EVANS *v.* STATE OF INDIANA.

[No. 2-373A58. Filed December 26, 1974.]

*Harriette Bailey Conn,* [*Mrs.*], Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Petitioner-appellant (Evans) appeals from a denial of his Petition for Post-Conviction Relief, Ind. Rules of Procedure, P.C. 1, contesting the validity of his sentence.

We affirm.

On January 21, 1969, Evans was convicted of robbery, IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), following a trial by jury, and was sentenced on January 30, 1969, to a period of not less than ten nor more than twenty-five years at the Indiana State Reformatory.

Evans filed a Petition for Post-Conviction Relief on July 19, 1972, attacking his sentence on constitutional and statutory grounds. Thereafter, on September 20, 1972, following a

post-conviction relief hearing, the trial court corrected, *nunc pro tunc*, the sentence to an indeterminate sentence of not less than ten nor more than twenty years, and ruled against Evans on all other issues.

On appeal, Evans asserts two issues:

(1) That the modified sentence of ten to twenty years for robbery constitutes cruel and unusual punishment and that the proper sentence is a ten year determinate sentence.

(2) That, since the robbery statute was constitutionally invalid, imposition of any sentence under the statute is error.

## I

## MODIFIED SENTENCE NOT CONSTITUTIONALLY INVALID

The rationale underlying Evans' first argument is that a ten to twenty year indeterminate sentence for robbery is greater than the ten to twenty year determinate sentence which at the time was specified for armed robbery,[1] because considering the minimum duration of imprisonment, one serving a determinate sentence may be discharged sooner than one serving an indeterminate sentence. Evans erroneously thus argues that the robbery sentence is disproportionate to the crime of robbery, a lesser offense included within the crime of armed robbery and therefore invalid under *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815.

This contention has been previously made and rejected. We again reject it. *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812; *Davis* v. *State* (1973), 156 Ind. App. 534, 297 N.E.2d 450; *Barbee* v. *State* (1973), 156 Ind. App. 431, 296 N.E.2d 884.

---

1. Ind. Ann. Stat. § 10-4709 prior to amendment by Acts 1969, Ch. 206, § 1.

## II

## SENTENCE IMPOSED NOT ERROR

Evans' contention that rendition of *any* sentence under an "unconstitutional" statute (i.e., IC 1971, 35-13-4-6, *supra*) constitutes error was recently rejected by this court in *Goodlow* v. *State* (1974), 162 Ind. App. 510, 319 N.E.2d 866, relying upon *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230. We again reject it.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 320 N.E.2d 781.