LIGE WILLIAMS v. STATE OF INDIANA.

[No. 2-574A118. Filed July 30, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Lige Williams, petitioner, is appealing the denial of his petition for post conviction relief claiming denial of counsel at a pre-trial lineup and the unconstitutionality of his indeterminate ten to twenty year sentence under the robbery statute.[1]

We affirm.

Petitioner was convicted of robbery on February 6, 1969, for which he received a sentence of ten to twenty-five years. While a motion for new trial was filed, no appeal was perfected. On November 25, 1970, a hearing was held on petitioner's post-conviction petition at which time his ten to twenty-five year sentence was modified to read ten to twenty years. Although not raised in his original motion for new trial, petition for post-conviction relief, hearing on the petition, or belated motion to correct errors, petitioner now claims that his constitutional right to counsel was abridged when he was placed in a lineup prior to indictment without benefit of an attorney.

Pursuant to Ind. Rules of Procedure, Post-Conviction Remedies, Rule 1, § 7, an appeal taken from denial of a PCR 1 petition proceeds under the rules applicable to civil actions. *Hendrixson* v. *State* (1974), Ind. App., 310 N.E.2d 569. See also: *Brown* v. *State* (1974), 261 Ind. 619, 308 N.E.2d 699. Inasmuch as petitioner has failed to preserve this issue in his original motion for a new trial or his belated motion to correct errors, the alleged constitutional violation is deemed waived. TR. 59 (G) ; *Tillman* v. *State* (1975), 163 Ind. App. 563, 325 N.E.2d 509; *Day* v. *State* (1974), 162 Ind. App. 693, 320 N.E.2d 827, 828 N. 2; *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

---

1. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).

Petitioner next argues that a ten to twenty year indeterminate sentence is unconstitutional since a ten to twenty year determinate sentence for the greater offense of armed robbery[2] may allow a defendant to be released at an earlier time.

As the Public Defender is surely aware, this contention has been made and rejected numerous times in the past. We now reject it once more. *Dotson* v. *State* (1972), 258 Ind. 581, 282 N.E.2d 812; *Evans* v. *State* (1974), 162 Ind. App. 588, 320 N.E.2d 781; *Jett* v. *State* (1974), 162 Ind. App. 82, 317 N.E.2d 882; *Davis* v. *State* (1973), 156 Ind. App. 534, 297 N.E.2d 450; *Barbee* v. *State* (1973), 156 Ind. App. 431, 296 N.E.2d 884.

Finding no reversible error, the judgment is hereby affirmed.

NOTE.—Reported at 331 N.E.2d 460.

2. IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974). Petitioner was convicted on February 6, 1969, prior to August 18, 1969, the effective date of the 1969 amendment. *Puckett* v. *State* (1975), 163 Ind. App. 631, 325 N.E.2d 505,