THOMAS BARRIENTOS *v.* STATE OF INDIANA.

[No. 3-176A9. Filed July 27, 1977.]

*Stephen Bower,* of Kentland, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

HOFFMAN, J.—After a trial without a jury, Thomas Barrientos was convicted of perjury in violation of IC 1971, 35-1-90-1 (Burns Code Ed.), and sentenced to the Indiana Department of Correction for a period of not less than one nor more than ten years. On appeal Barrientos asserts that his grand jury testimony should have been suppressed because he was not informed of his right to remain silent and that there was insuffiicent evidence to support his conviction of perjury.

The record reveals that Barrientos was subpoenaed to appear as a witness before a Jasper County grand jury which was investigating alleged drug abuse in Jasper County. At his appearance before the grand jury, Barrientos was not advised of his Fifth Amendment privilege against self-incrimination or of the nature of the grand jury inquiry. During his

testimony before the grand jury, Barrientos was asked by the deputy prosecutor if he had ever sold any controlled substances. Barrientos replied, "No." Under further questioning by the deputy prosecutor, Barrientos denied selling any controlled substances to Jeff Lomax or David Gasper. Although the prosecutor advised him that failure to tell the grand jury the truth was perjury, Barrientos maintained that his testimony was the truth.

Less than two weeks after his grand jury appearance, Barrientos was indicted for perjury based upon his denial of having ever sold a controlled substance. At the trial, the State's two principal witnesses against Barrientos were Lomax and Gasper. On January 23, 1974, Lomax and Gasper were arrested at a party for possession of marijuana. Gasper testified under a grant of immunity that he purchased the marijuana for $10 from Barrientos. Lomax testified that he did not know for sure where he got the marijuana police seized from him. After Lomax indicated his memory would not be refreshed by his grand jury testimony or by alleged statements to police, the trial court permitted the prosecutor to treat Lomax as a hostile witness. While maintaining that he did not remember from whom he bought the marijuana, Lomax testified that he told police after his arrest that he bought it from "Tom Barrientos."

Barrientos first contends that his grand jury testimony should have been suppressed by the trial court because the prosecutor's failure to advise him of his Fifth Amendment privilege to remain silent[1] rendered his testimony before the grand jury inadmissible in his subsequent trial on perjury charges.

Although the Fifth Amendment guarantees a witness the right to refuse to answer the potentially incriminating ques-

1. Barrientos' argument is based solely upon the Fifth Amendment of the Constitution of the United States. He does not rely upon Art. 1, § 14 of the Constitution of Indiana, which provides in relevant part that: "No person, in any criminal prosecution, shall be compelled to testify against himself."

tions put to him before the grand jury, the privilege against self-incrimination provides no protection for the commission of perjury. *United States* v. *Wong* U.S., 97. S.Ct. 1823, 52 L.Ed.2d 231; *United States* v. *Mandujano.* (1976), 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212.

In *United States* v. *Wong, supra,* the respondent, who, in legal effect, was not warned of her Fifth Amendment privilege against self-incrimination, testified falsely before a Federal grand jury and subsequently was convicted of perjury. She asserted that without an effective Fifth Amendment warning she was in effect forced by the Government to answer all questions and placed in the dilemma of engaging in either self-incrimination or perjury. Like Barrientos, Wong contended that her grand jury testimony, even if false, was inadmissible against her as having been obtained in violation of her Fifth Amendment privilege. In rejecting her contentions, a unanimous Supreme Court held:

> "[T]he Fifth Amendment privilege does not condone perjury. It grants a privilege to remain silent without risking contempt, but it 'does not endow the person who testifies with a license to commit perjury.' *Glickstein* v. *United States,* 222 U.S. 139, 142, 32 S.Ct. 71, 73, 56 L.Ed. 128 (1911). The failure to provide a warning of the privilege, in addition to the oath to tell the truth, does not call for a different result." *United States* v. *Wong, supra,* 97 S.Ct. at 1825.

Barrientos is not entitled to suppression of his grand jury testimony on the ground that no warning of the Fifth Amendment privilege to remain silent had been given.[2]

---

2. In the landmark decision in *State ex rel. Pollard* v. *Criminal Ct. of Marion Cty.* (1975), 263 Ind. 236, 329 N.E.2d 573, the Supreme Court of Indiana held that a witness appearing before a grand jury must be advised of the general nature of the grand jury inquiry and of the privilege against self-incrimination guaranteed by the Fifth Amendment and Art. 1, § 14 of the Constitution of Indiana. Indiana courts have not yet confronted the issue of the retroactive application of the *Pollard* requirements. In light of the holding in *United States* v. *Wong, supra,* we find it unnecessary to reach the issue of *Pollard's* retroactivity in this case.

Barrientos also asserts that there is insufficient evidence to sustain his conviction for perjury. In a prosecution for the crime of perjury, the State must prove the defendant guilty beyond a reasonable doubt by the direct testimony of at least two witnesses, or by the testimony of one witness and corroborating facts and circumstances to support that witness' testimony. *Cassorla* v. *State* (1968), 251 Ind. 390, 399, 237 N.E.2d 89, 241 N.E.2d 365; *Pendleton* v. *State* (1959), 239 Ind. 341, 156 N.E.2d 782; *Hann* v. *State* (1916), 185 Ind. 56, 113 N.E. 304.

Barrientos concedes that Gasper testified that he bought marijuana from him (Barritentos). He disputes, however, the sufficiency of Lomax's testimony to support the conviction.

Lomax testified that he did not remember from whom he purchased the marijuana seized from him by police. After the deputy prosecutor showed Lomax a report of his statement to police to refresh his memory, he asked Lomax where he told police he bought the marijuana. The trial court overruled Barrientos' objection that the contents of Lomax's statement were hearsay made outside his presence. Lomax then testified that he told the police that he bought it from "Tom Barrientos."

In *Patterson* v. *State* (1975), 263 Ind. 55, 324 N.E.2d 482, the Supreme Court held that extra-judicial statements are admissible as substantive evidence when the declarant is available at trial for cross-examination, and at 484-85 of 324 N.E.2d the court reasoned that:

"[T]he out-of-court asserters, Miss Robinson and Mrs. Patterson were upon the witness stand at the time their out-of-court assertions were offered. Neither denied giving the statements attributed to her, nor did either profess ignorance of such statements. It was, therefore, not necessary for the truth of the out-of-court assertions to rest upon the credibility of persons not present and then subject to cross-examination concerning the statements. Under such cir-

cumstances, since the matters asserted were relevant to the issues, there was no reason to reject the statements, as substantive evidence, simply because they had been made at a time when the witnesses were not subject to cross-examination." *See also, Ortiz* v. *State* (1976), 265 Ind. 549, 356 N.E.2d 1188.

In the case at bar, matters contained in Lomax's out-of-court statement were relevant to the question of whether Barrientos was guilty of perjury. Lomax admitted making the statement to the police. Lomax was, in fact, cross-examined by defense counsel. Hence, Lomax's statement to police was admissible as substantive evidence and was properly considered by the trier of fact in determining Barrientos' guilt. *See, Lloyd* v. *State* (1975), 166 Ind. App. 248, 335 N.E. 2d 232 (transfer denied). The testimony of Lomax, therefore, was sufficient under the holding of *Cassorla* v. *State, supra,* to support the perjury conviction.

Barrientos also contends that the grand jury committed a number of abuses of power during its investigation. Examining those allegations preserved in the motion to correct errors and argued in the brief,[3] we find that Barrientos has failed to demonstrate that any of the alleged grand jury abuses prejudiced his rights, and hence he has failed to show reversible error. *Rennert* v. *State* (1975), 263 Ind. 274, 329 N.E. 2d 595.

The judgment of the trial court is affirmed.

Garrard, J., concurs; Lowdermilk, J., participating by designation, concurs.

NOTE.—Reported at 365 N.E.2d 789.

---

3. Several of Barrientos' assertions of grand jury abuse were not argued in his motion to correct errors and therefore were not properly preserved for appeal. Ind. Rules of Procedure, Trial Rule 59(G); *Kennedy* v. *State* (1974), 162 Ind. App. 518, 319 N.E.2d 883.