STATE OF INDIANA *v.* JERRY FRANK TURNER

[No. 2-678A184. Filed December 20, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *Gordon R. Medlicott*, Deputy Attorney General, for appellant.

*Douglas D. Church, Church, Roberts & Beerbower*, of Noblesville, for appellee.

## CASE SUMMARY

CHIPMAN, P.J.— Appellant-plaintiff State of Indiana appeals from the trial court's denial of its motion to correct error. The State alleges it was error to sentence Jerry Frank Turner under IND. CODE 35-50-2-5 (Supp. 1978) rather than IND. CODE 35-13-4-4 which was the statute in effect at the time the alleged offense was committed.[1]

We affirm the conviction of Turner, but remand to the trial court with instructions to vacate his present sentence and to enter a sentence pursuant to the appropriate statute, IC 35-13-4-4.

## FACTS

Turner was charged with committing first degree burglary on August 15, 1974. The case was tried to the court, and Turner was found guilty on December 6, 1977, of first degree burglary as charged in the information. Sentencing was set for January 3, 1978.

On the day of sentencing, Turner expressed an election to be sentenced under IC 35-50-2-5 in lieu of the sentencing provisions found in IC 35-13-4-4. The trial court permitted this election and imposed a determinate sentence of ten (10) years in accordance with IC 35-50-2-5, instead of an indeterminate sentence of not less than ten (10) nor more than twenty (20) years as provided in IC 35-13-4-4.

---

1. IC 35-13-4-4 (Burns 1956) was repealed by 1976 Ind. Acts, P.L. 148, § 24, effective October 1, 1977.

## ISSUE

The State presents us with only one issue for determination:

Did the trial court erroneously sentence Turner by using the statute in force at the time of his sentencing instead of the statute in force when the alleged offense was committed.

Turner argues the new sentencing provisions found in IC 35-50-2-5 have an ameliorative effect and were, therefore, applicable. He contends the trial court did not abuse its discretion in accepting his election to be sentenced under IC 35-50-2-5.

The State, however, maintains that (1) the new sentencing provisions found in IC 35-50-2-5 are not amelioratory because the maximum period that may be imposed under this statute is the same as that found in IC 35-13-4-4; (2) the sentencing provisions of the new criminal code do not apply retroactively; and (3) the legislature has expessed a clear intent that the new criminal code's sentencing provisions not be applied to pre-code offenses.

## DECISION

CONCLUSION — The trial court improperly sentenced Turner using the statute in force at the time of his sentencing rather than the statute in force when the crime was committed.

On August 15, 1974, the date of the offense, the following statute was in effect:

35-13-4-4. Burglary-Degrees. (a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.

Effective October 1, 1977, Indiana's criminal code was revised. Under the present statutes, burglary is no longer defined in terms of degrees. The new criminal code defines all felonies as being either a class A, B, C, or D felony. the pertinent statutes now provide:

35-43-2-1. Burglary. A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person.

35-50-2-5. Class B felony. A person who commits a class B felony shall be imprisoned for a fixed term of ten [10] years, with not more than ten [10] years added for aggravating circumstances or not more than four [4] years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars [$10,000].

Statutes are to be construed as having prospective operation unless legislative language clearly indicates the statute was intended to be retrospective, *Malone v. Conner* (1963), 135 Ind.App. 167, 189 N.E.2d 590; therefore, as a general rule, we apply the statute which is in effect when the crime is committed. *Wolfe v. State* (1977), 173 Ind.App. 27, 362 N.E.2d 188. This rule is constitutionally required when a penalty is increased *ex post facto* by amendment after the commission of the crime, *Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699, since punishment cannot constitutionally be increased by a statute enacted after the commission of the offense. *Hicks v. State* (1898), 150 Ind. 293, 50 N.E. 27; *Wolfe, supra; Dowdell, supra.* However, Judge Staton, speaking for this court in *Dowdell* pointed out:

An exception to the general rule [of prospective operation] is recognized, in other jurisdictions and at least in dicta in previous Indiana cases, when punishment is lessened by amendment after the commission of the crime. *Dowdell* at 701.

Thus, our court will permit a defendant to be sentenced under a statute which is amended between the commission of the crime and the sentencing if that amendment is truly amelioratory. *Wolfe, supra.*

Turner asserts that IC 35-50-2-5 was designed to have an ameliorative effect. We are, however, unable to agree with Turner's assertion. It is only when the legislature enacts an amendment in which a lesser punishment is imposed as proper punishment for the commission for the same proscribed act that this amendment may be viewed as amelioratory. In a constitutional sense, the measure

in determining whether one penalty is greater than another is the *maximum* duration of the penalty, not the possible duration of imprisonment. *Dotson v. State* (1972), 258 Ind. 581, 282 N.E.2d 812; *Boyd v. State* (1971), 257 Ind. 443, 275 N.E.2d 797; *Barbee v. State* (1973), 156 Ind.App. 431, 296 N.E.2d 884; *McVea v. State* (1973), 155 Ind.App. 499, 293 N.E.2d 786.

An examination of IC 35-13-4-4 and IC 35-50-2-5 discloses that under both statutes, the maximum penalty is twenty years; because the total period of possible confinement was not reduced, we find that the legislature did not have an ameliorative objective in enacting IC 35-50-2-5. We recognize that under these statutes, sentencing changed from indeterminate to determinate sentencing, but we will not speculate as to possible variances in the duration of imprisonment which may occur because of this change. The key factor is that the *maximum* duration of the *penalty* remained the same. *Wolfe, supra.* It is our opinion that IC 35-50-2-5 was not intended to be amelioratory and therefore, the trial court should have followed the penalty provisions found in IC 35-13-4-4 when it imposed Turner's sentence.

It is a legislative function to determine the amount of the punishment for a crime. Our responsibility is to ensure that this punishment is within constitutional limitations. We will be bound by the legislature's determination of the appropriate penalty, so long as that penalty is constitutional. *Dowdell, supra.* In the case at bar, our conclusion that IC 35-50-2-5 should not be applied to an offense committed before it became effective, is buttressed by the savings clause which accompanies the legislature's revisions of the criminal code. In this clause, the legislature explicitly stated:

> Saving Clause. Section 150 of Acts of 1977, P.L. 340 reads: "(a) Neither this act nor acts 1976, P.L. 148 affects:
>
> "(1)   rights or liabilities accrued;
>
> "(2)   penalties incurred; or
>
> "(3)   proceedings begun;
>
> before October 1, 1977. Those rights, liabilities, and proceedings are continued, and *penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.*

"(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and *remains punishable under the repealed law*. (Emphasis added)

Thus, the legislature's intent that IC 35-50-2-5 not be applied retrospectively is clear.

We remand this case to the trial court with instructions to vacate Turner's present sentence and to enter a sentence pursuant to IC 35-13-4-4. The trial court is in all other things affirmed.

Miller and Young, JJ. concur.

NOTE—Reported at 383 N.E.2d 428.